This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 30,158**

**Y'HOSHUA COHEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Rabbi Y'hoshua Cohen
Alto, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Rabbi Y'hoshua Cohen, pro se (Defendant) appeals from the district court's judgment and sentence and remand to magistrate court for enforcement of sentence. [RP 13] Defendant raises three issues on appeal, contending that (1) the arresting

police officer could not prosecute Defendant's de novo appeal to district court; (2) the evidence was insufficient to convict Defendant of speeding, failure to carry insurance or registration for his vehicle because the officer did not produce his vehicle tape and lied about the events that occurred; and (3) the magistrate court failed to allow adequate discovery and failed otherwise to give Defendant a fair trial. [*See, e.g.*, DS numbered as page 13, ¶ 15]

This Court's calendar notice proposed summary reversal on Issue 1. The State has filed a response in which it agrees that reversal is appropriate. We further note that Defendant has filed a motion for extension of time to file the memorandum and a transcript, and a motion for appointment of appellate defense counsel. Since this memorandum opinion disposes of Defendant's appeal in favor of Defendant, we hereby deny Defendant's motions as moot.

**DISCUSSION**

The record proper indicates that Defendant filed a written motion to dismiss the district court de novo appeal on the issue of whether the arresting police officer could not prosecute Defendant's de novo appeal to district court. [RP 10-11] The State did not file a written response to the motion. The district court's order affirming Defendant's convictions in magistrate court states: "the officer is permitted to prosecute traffic citations under statutes in [m]agistrate [c]ourts in the State of New

Mexico and there is no reason to restrict the officer from doing so in [d]istrict [c]ourt on appeal from [m]agistrate [c]ourt." We disagree.

Attorney General Opinion No. 89-27 construes all of the relevant statutes and rules relating to this issue. *See* 89-27 Op. Att'y Gen. 1-3 (1989) (advising that police officers may not continue to prosecute criminal cases in district court after an appeal of the magistrate court judgment has been filed in district court without violating NMSA 1978, Section 36-1-19 (1985). The opinion concludes that, while Rule 6-108(B) NMRA of the Rules of Criminal Procedure for the Magistrate Courts allows a police officer to prosecute a criminal case in magistrate court, there is no authority under any statute or Supreme Court rule for the police officer to do so on behalf of the State in district court on a de novo appeal from magistrate court. In fact, there is express statutory authority to the contrary. Section 36-1-19(A) sets out the general rule regarding legal representation of governmental entities in criminal prosecutions:

> no one shall represent the state or any county thereof in any matter in which the state or county is interested except the attorney general, his legally appointed and qualified assistants or the district attorney or his legally appointed and qualified assistants and such associate counsel as may appear on order of the court, with the consent of the attorney general or district attorney.

In this case, Defendant was prosecuted and convicted in magistrate court for violating state statutes that prohibit speeding, and require a vehicle owner to carry proof of insurance and registration. [RP 2] Rule 6-108(B) allows the investigating

3

police officer, Officer Hazen, to prosecute these violations in magistrate court. As quoted above, Section 36-1-19, however, requires "the attorney general, his legally appointed and qualified assistants or the district attorney or his legally appointed and qualified assistants and such associate counsel as may appear on order of the court, with the consent of the attorney general or district attorney." NMSA 1978, Section 36-1-2 (1984) provides that "[e]ach district attorney in this state may appoint one or more suitable persons who shall be attorneys-at-law practicing their profession in this state and members of the bar of this state to be his assistants." The exception provided by Rule 6-108(B) that allows Officer Hazen to prosecute the case against Defendant in magistrate court does not apply to the district courts. Rule 6-703(J) NMRA provides that "appeals from the magistrate court to the district court shall be de novo[,]" and Rule 6-703(N) NMRA provides that such appeals "shall be governed by the rules of Criminal Procedure for the District Courts." We know of no provision in the Rules of Criminal Procedure for the District Courts that modifies the general rule of Section 36-1-19, which does not permit Officer Hazen to appear before the district court to prosecute Defendant's de novo appeal from the magistrate court in this case.

The State's response to this Court's calendar notice agrees with the calendar notice analysis. [State's response] The State requests that this Court reverse and remand to the district court for Defendant to be retried in district court on Defendant's

4

de novo appeal on the basis that such retrial will not violate Defendant's double jeopardy rights. [State's Response, 4-5] We decline the State's request and take no position on whether retrial in district court of Defendant's de novo appeal from his metropolitan conviction would violate Defendant's double jeopardy rights.

**CONCLUSION**

Accordingly, with regard to Issue 1, we reverse and remand to the district court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**